HOWARD NOTT POTTER AND CLARKSON A. POTTER, RESPONDENTS, *v.* COLUMBUS O'DONNELL ISELIN, APPELLANT.

*Right of way — when it is appurtenant to land and not an easement in gross — when it is not lost by the failure of one of the grantors to mention it in his deed to his grantee.*

In April, 1853, one Davenport owned a parcel of land in New Rochelle, fronting on Long Island sound. A private road ran through this land called Davenport avenue. In that year he caused a map of the land to be made, dividing it into plots. Upon this map appeared Davenport avenue and an avenue running from the east side of Davenport avenue to the sound, marked "Beach avenue." He conveyed portions of the land at different times to different persons. In conveying some of the lots on Davenport avenue, which did not abut upon Beach avenue, he conveyed to the grantees, their heirs and assigns, a right of way 100 feet wide over Beach avenue as laid down on the map. The defendant acquired title to some of the lots so conveyed with the said right of way. The plaintiffs subsequently acquired title to the lots abutting upon Beach avenue, and to the avenue itself, from persons acquiring title thereto from Davenport.

The plaintiffs having brought this action to restrain the defendant from exercising his right of way over the said land known as Beach avenue, and to establish the plaintiffs' title thereto:

*Held*, that the right of way acquired by the purchasers from Davenport was not a right in gross, personal to the grantees, but was an appurtenance to the land and passed to the defendant.

That the right of the defendant to the said right of way was not affected by the fact that some of his grantors, acting under the advice of counsel and with the purpose and intent of destroying the right of way, omitted all reference thereto from the deeds by which they conveyed the land to their grantees.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

This is an action to restrain the defendant from exercising a right of way over a certain strip of land 100 feet wide, extending from Davenport avenue, on Davenport Neck, New Rochelle, east to Long Island Sound (which strip of land is marked as Beach avenue upon the map hereinafter referred to) and to have defendant's claim to such right of way declared "a cloud upon the plaintiffs' title to the said premises and that the same be adjudged not to exist

and to be removed." The defendant claims a right of way over said Beach avenue by virtue of several *mesne* conveyances to him hereinafter mentioned.

Prior to April 1st, 1853, Newberry Davenport was the owner of a certain parcel of land on the easterly part of Davenport neck, in the township of New Rochelle, through which ran a private road which he called Davenport avenue, leading from the public road on the mainland to the western part of the neck ; which parcel of land included the land now owned by the plaintiffs and by the defendant respectively, and also the said Beach avenue, the *locus in quo*. On or about April 1st, 1853, the said Newberry Davenport caused a map of his said land to be made, entitled " Map of building sites situated on Davenport neck," upon which map a strip of land one hundred feet wide, extending from the east side of Davenport avenue east to Long Island Sound, is marked as " Beach avenue." By this map (by Davenport avenue as laid down therein) he divided his land into two parts, one having a water front, that on the Potter-Lawton side, and the other on the Iselin side, having no water front.

This map also divided the farm into plots, and in his subsequent conveyances Newberry Davenport gave to certain purchasers on the side having no water front a right of way over Beach avenue to the waters of Long Island sound.

He conveyed the said right of way to them and to their heirs and assigns by the following description : "Also a right of way 100 feet wide, extending northeasterly from Davenport avenue along the south boundary line of the lands of George Snyder and Cyrus Lawton to Long Island sound, which right of way is laid down as Beach avenue, on a map made by William Bryson, dated April, 1853."

The defendant, who is the owner of a portion of the said lands, claims to be entitled to the said right of way. This right is denied by the plaintiffs, who are the owners of the land abutting upon Beach avenue, and of the avenue itself, their title thereto being derived from Newberry Davenport. It appeared that some of the deeds under which the defendant claimed, contained a clause conveying the right of way, while others did not. That the clause was first omitted by a grantor, with the purpose and intent to prevent his grantee from receiving or enjoying the said right of way ; he having been advised by his counsel that the said right of way

was in gross and personal, and that he could prevent its passage to his grantee, and so destroy and extinguish it.

*Martin J. Keogh*, for the appellant.

*John B. Whiting*, for the respondents.

BARNARD, P. J.:

The right of way conveyed by deed by Davenport to Banks & Voorhies was not a right in gross and personal to Banks & Voorhies, but was an appurtenant to the land conveyed by the deed. As such it passed to subsequent grantees of the property without any mention of the right of way in the deeds. As to Davenport, by his deed to Banks & Voorhies, Beach avenue was to be an open street forever. The authorities need not accept or work it, and without an acceptance the city, village or town would not be liable for the neglect to work it. As to the grantee and all successors in title, the street was Beach avenue, 100 feet wide from Davenport avenue to the sound.

The judgment should be reversed, with costs, and a new trial granted.

PRATT, J.:

Where the owner of land lays it out into village lots, intersected by streets and avenues, and sells lots by reference to a map, which he has made and filed, on which such streets are delineated, th map becomes a part of the deed, and the streets on the map become an easement annexed to the estate granted. (*Taylor* v. *Hopper*, 62 N. Y., 649.) As between the parties, the dedication becomes complete on the delivery of the deed; and, thereafter, no act of the grantor can diminish the effect of the conveyance. (Id., 650

We think this principle requires the reversal of the judgment. The right of access to the waters of the sound — manifestly of much importance to the owners of lots having no water front — was effectually secured to them by the conveyance, which not only referred to the map, but granted forever a right of way over Beach avenue.

The right thus created became appurtenant to the land conveyed, and passed with it under subsequent conveyances, though not

expressly referred to. Such a right could not be abandoned by parole; the testimony of Lawton upon that point was, therefore, not competent to establish a surrender.

The judgment should be reversed, upon both law and facts, and a new trial ordered, with costs to the appellant.

Judgment reversed, with costs to the appellant.